UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00575-RJC
(3:08-cr-00134-RJC-DSC-6)

| | |
|---|---|
| ELVIN PASTOR FERNANDEZ-GRADIS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Pro Se "Motion 2255 Persuant to New Case-Law Davis v. United States. Thru Writ of Coram Nobis (Audita-Querella)" [CV Doc. 21 (errors uncorrected)].[1]

## I. BACKGROUND

In 2009, Pro Se Petitioner Elvin Pastor Fernandez-Gradis ("Petitioner") was charged with one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) (Count 51); one count of use of a firearm during and in relation to a crime of violence resulting in death in violation of 18 U.S.C. §§ 924(c) and (j)(1) (Count 52); one count of possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) (Count 54); and illegal re-entry following deportation in violation of 8 U.S.C. § 1326(a) (Count 55). [CR Doc. 623: Third Superseding Indictment]. Petitioner was a member of the MS-13 street gang operating in Charlotte, North Carolina. During Petitioner's

---

[1]Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00256-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:18-cr-00075-RJC-DCK-1.

tenure in the gang, members committed murders and robberies, trafficked in controlled substances, and committed numerous other attempted and completed acts of violence and intimidation. [See CR Docs. 877, 878: Trial Trs.]. Petitioner proceeded to trial and was convicted on all counts. [CR Doc. 843: Jury Verdict]. The Court sentenced Petitioner to concurrent life sentences on Counts 1 and 51; a term of imprisonment of 120 months on Count 54 and a term of 24 months on Count 55, both to run concurrently to the sentences on Counts 1 and 51; and a life sentence on Count 52 to run consecutively to all other terms of imprisonment. [CR Doc. 1406: Judgment]. Thus, Petitioner is currently serving consecutive life sentences. [See id.]. Petitioner appealed and the Fourth Circuit affirmed. United States v. Fernandez, 526 Fed. App'x 270, 285 (4th Cir. 2013).

On October 15, 2014, Petitioner filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. [CV Doc. 1; see CV Doc. 11]. The Court denied and dismissed Petitioner's motion to vacate on the merits in September 2016. [CV Doc. 19].

Petitioner now files what he calls a "Motion 2255 Persuant to New Case-Law Davis v. United States. Thru Writ of Coram Nobis (Audita-Querella)," seeking relief under United States v. Davis, 139 S.Ct. 2319 (2019). [Doc. 21]. Petitioner states that he "was convicted of firearms" and that "[t]he [sentencing] disparity between the codefendant concerning these firearm charges is great." [Id.]. Petitioner acknowledges that his petition "may be time barred" and that he files the pending motion to vacate "per writ of coram nobis – audita – querella." [Id.]. Petitioner also asks the Court to appoint counsel for him if Davis applies to his case. [Id.]. Petitioner does not state what relief he seeks and provides no evidence that he has obtained authorization from the Fourth Circuit to file a successive motion to vacate pursuant to § 2255. [See id.].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts

2

are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant motion to vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

Additionally, neither the writ of error coram nobis nor of audita querela apply here. See United States v. Morgan, 346 U.S. 502, 506 n.4 (1954) (holding a coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241); In re Moore, 487 Fed. App'x 109 (4th Cir. 2012) (denying petition for writ of audita querela where other avenues of relief available and noting that the fact that the petitioner cannot proceed under § 2255 without authorization to file a successive motion does not alter that conclusion).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's motion to vacate pursuant to § 2255 for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion. The Court, therefore, also denies Petitioner's request for counsel as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion [Doc. 21] is **DENIED** and **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 8, 2022

Robert J. Conrad, Jr.
United States District Judge